IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

WAUSAU STEEL CORPORATION,

                      Plaintiff,

    v.

ROPER WHITNEY OF ROCKFORD, INC.,

                      Defendant.

OPINION AND ORDER

Case No. 09-cv-273-slc

_____

Plaintiff Wausau Steel Corporation brought this civil action in the Circuit Court for Marathon County, Wisconsin, against defendant, Roper Whitney of Rockford, Inc., asserting claims of account stated theory, unjust enrichment and breach of contract. On August 11, 2008, defendant filed a timely notice of removal pursuant to 28 U.S.C. § 1441 on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff responded with a motion to remand and request for costs and expenses. *See* Dkt. 3.

Plaintiff contends that remand is militated by the forum selection clause in the final paragraph of the parties' promissory note; defendant counters that this clause does not control because plaintiff's first two causes of action in this lawsuit arise out of a different agreement that contains no such provision. From my review of the unambiguous terms of the promissory note and the undisputed facts of the complaint, I conclude that the forum selection clause applies to all causes of action. Therefore, I am remanding this case, although I am declining to award costs.

From the complaint and the documents submitted by the parties in connection with the pending motion, I draw the following facts, solely for the purpose of deciding this motion:

BACKGROUND

Plaintiff Wausau Steel Corporation is a Wisconsin corporation, with its principal place of business in Wausau, Wisconsin. Defendant Roper Whitney of Rockford, Inc., is an Illinois corporation, with its principal place of business in Rockford, Illinois. The parties are of diverse citizenship and plaintiff is seeking a judgment of $165,527.64, so the prerequisites of diversity jurisdiction are met. 28 U.S.C. § 1332.

At some time, the parties entered into an agreement under which plaintiff was to sell materials to defendant. After defendant failed to pay for the materials, plaintiff agreed to take a promissory note for the remaining balance and interest, to be paid in twenty-four installments. The last paragraph of the two-page agreement read as follows:

> Any disputes under this Promissory Note shall be resolved by reference to Wisconsin Law. Venue for any action under this Promissory Note shall be limited to Marathon County, Wisconsin.

Cpt., dkt. #2, exh. A.

On March 24, 2009, plaintiff began this action against defendant in the Circuit Court for Marathon County, Wisconsin, asserting three causes of action. The first was under an "account stated" theory. ("'An account stated is an agreement between debtor and creditor that the items of the transaction between them are correctly stated in a statement rendered, that the balance shown is owning by the one party to the other, and that the one promises to pay that balance to the other.'" *Onalaska Electric Heating, Inc. v. Schaller*, 94 Wis. 2d 493, 499, 288 N.W.2d 829, 832 ( 1980) (quoting *Estate of Vicen*, 1 Wis. 2d 193, 199, 83 N.W.2d 664, 667 (1957)) (internal citations omitted).) Plaintiff alleged that under this theory, defendant owed it $156,772.17 for materials sold between 2006-08. Plaintiff asserted a second cause of action

under the theory of unjust enrichment for the fair market value of the goods (listed as $156,772.17) that defendant retained without compensating plaintiff. Plaintiff asserted a third cause of action for breach of the promissory note on which $165,527.64 was due as of March 23, 2009. According to the complaint, this third amount includes the amounts due under the first two causes of action.

On April 30, 2009, defendant filed a notice of removal to federal court, alleging diversity jurisdiction. 28 U.S.C. § 1332(a)(1).

OPINION

A. Motion to Remand

This court may remand a lawsuit to state court in order to enforce a valid forum selection clause. *See, e..g., Cruthis v. Metropolitan Life Insurance Co.*, 356 F.3d 816, 818 n.1 (7th Cir. 2004) (comparing an appellate's court ability to review a remand "that is based on the interpretation of a forum selection clause" to a remand based on absence of jurisdiction); *Rothner v. Chicago*, 879 F.2d 1402, 1416 (7th Cir. 1989) (noting district courts' power to remand to enforce forum selection clauses); *see also American Soda, LLP v. U.S. Filter Wastewater Group, Inc.*, 428 F.3d 921, 924 (10th Cir. 2005) (in discussion of appealable remands, noting district courts' power to remand in light of forum selection clauses); *Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1215 (3d Cir. 1991) ("[W]e have little doubt that a remand based on a forum selection clause is lawful."); *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1253 (11th Cir. 1999) (reviewing non-statutory remand based on a forum selection clause).

B.  <u>Validity of the Venue Selection Clause</u>

When assessing the validity of a forum selection clause, the first step is to determine whether state law or federal common law "governs the issue of validity." *IFC Credit Corp. v. Aliano Brothers General Contractors, Inc.*, 437 F.3d 606, 608 (7th Cir. 2006).  Plaintiff cites only federal case law is support of its position, while defendant cites both state and federal law.  Both forums presume that a forum selection clause is enforceable unless proven to be unreasonable or unconscionable.  *E.g.*, *Pietroske, Inc. v. Globalcom, Inc.*, 2004 WI App 142, ¶1, 275 Wis. 2d 444, 685 N.W.2d 884 ("In Wisconsin a forum-selection clause is presumptively valid. A court will refuse to enforce the clause only if there is a quantum of procedural unconscionability plus a quantum of substantive unconscionability."); *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585 (1991) (boilerplate forum selection clause on back of cruise passage ticket found reasonable).

Defendant contends that the forum selection clause in the parties' promissory note is unreasonable because it is ambiguous and does not state clearly that the collection case may be tried *only* in Marathon County.  Defendant argues that the clause was an unlabeled provision, that it used the term "venue" rather than "forum" and that the former vice-president of Roper Whitney, Gary Strakeljahn, believed the provision allowed a lawsuit to be brought in any court in Wisconsin having authority over cases in Marathon County, and not solely in the Circuit Court for Marathon County.  Defendant's arguments are unpersuasive.

The lack of a label or heading does not create an obvious ambiguity in the clause's terms. Defendant cites no case law in support of this contention and would have difficulty proving ambiguity when the contract was a mere two pages and the clause appeared immediately above

4

the signature line. In such circumstances, the absence of a label is of no consequence to the obviousness of the clause.

Although defendant contends that an important distinction exists between the terms "venue" and "forum," citing 28 U.S.C. § 1391(a), its contention finds no support in the relevant case law. The Court of Appeals for the Seventh Circuit has held forum selection clauses with language similar to that used here were valid, unambiguous and mandatory. *Paper Express, Ltd. v. Pfankuch Maschinen GmbH*, 972 F.2d 753, 756 (7th Cir. 1992) (citing examples of clauses held to be mandatory in effect: "venue shall be in Adams County, Colorado; venue shall be laid in the County of Essex, venue shall lie in Mercer County, State of Missouri") (citations omitted)). The same is true under Wisconsin law. *Pietroske*, 2004 WI App 142, at ¶2 ("Venue shall be in Cook county, Illinois.")

Finally, Mr. Strakeljahn's personal understanding of the clause is irrelevant. The determination whether contract language is ambiguous focuses on whether "contract *language* is reasonably and fairly susceptible [to] more than one construction." *Converting/Biophile Laboratories, Inc. v. Ludlow Composites Corp.*, 2006 WI App 187, ¶23, 296 Wis. 2d 273, 286, 722 N.W.2d 633, 640 (emphasis added); *see also Murphy v. Keystone Steel & Wire Co.*, 61 F.3d 560, 565 (7th Cir. 1995) ("The party claiming that a contract is ambiguous must first convince the judge that this is the case . . . and must produce objective facts, not subjective and self-serving testimony, to show that a contract which looks clear on its face is actually ambiguous." (internal citation omitted)). Further, Strakejahn's reading of the clause is not objectively reasonable. In construing the terms of a contract, a court will select a construction which gives meaning to each of the provisions. *Paper Express*, 972 F.2d at 755; *Sonday v. Dave Kohel Agency, Inc.*, 2006 WI 92, ¶21,

293 Wis. 2d 458, 471, 718 N.W.2d 631, 637.  It would be meaningless to include a forum selection clause referring to a specific county in Wisconsin if the clause was suggesting both federal and state court jurisdiction.  In sum, defendant has failed to show that the forum selection clause was unreasonable and therefore has not rebutted the presumption that the clause is valid and enforceable.

C.  Relationship of the Claims

Defendant contends that the forum selection clause does not apply to the plaintiff's first two claims (accounts stated and unjust enrichment) because these claims arise from earlier agreements that contain no forum selection clause.  Defendant cites *Pegasus Transportation v. Lynden Air Freight*, 152 F.R.D. 574, 576 (N.D. Ill. 1993), in which the district court held that a forum selection clause was *not* enforceable on over half of the 414 separate claims in the complaint.  *Pegasus* is distinguishable from this case because there was no issue regarding an integration clause being used in connection with the forum selection clause as there is in the instant case.  Further, all of Pegasus's claims were separable federal question claims, whereas plaintiff in this case asserts only state-law claims that are inseparable.

Plaintiff is correct that all three claims are covered by the Promissory Note and logically relies on the note's integration clause which states, "This Promissory Note shall prevail over any other prior communicates [*sic*] regarding matters contained herein."  Dkt. 2, Exh. A, at 7.  The "matters" pertain to the first clause of the note ("For value received, and in consideration of forbearance of debt," *id.* at 6), although just how the debt was incurred is not specified. Defendant does not dispute the validity of the integration clause.  Defendant also admits to the

6

facts section of the complaint, namely, that the parties entered into an agreement for materials and into a subsequent Promissory Note. These facts are incorporated into each of the complaint's three causes of action. Further, the balance due in third cause of action "includes amounts due under the First and Second Causes of Action."

Defendant attempts to characterize the account stated theory as based on underlying agreements, but such a claim actually is based on the promise to pay, on not earlier contracts. *see, e.g.*, *Onalaska Electrical Heating, Inc.*, 94 Wis. 2d at 500, 288 N.W.2d at 832 ("An action on an account stated is an action on the new contract by and under which the parties have adjusted their differences, and not upon the original dealings and transactions of the parties."); *see also Delta Consulting Group, Inc. v. R. Randle Construction, Inc.*, 554 F.3d 1133, 1137-1138(7th Cir. 2009) (account stated determines preexisting debt when parties who have previously contracted agree there is truly an account between them). Therefore, plaintiff's first cause of action is based on the Promissory Note, not any initial agreement.

Under Wis. Stat. § 802.02(5)(b) and Fed. R. Civ .P. 4(e)(2), "A party may set forth 2 or more statements of a claim or defense alternatively or hypothetically, either in one claim or defense or in separate claims or defenses." Plaintiff has done just that. If relief were granted to the plaintiff on any one of its three causes of action, it would preclude relief on the other two. Plaintiff simply is offering multiple legal theories on which a court may find relief for a single injury. The interrelatedness of the causes action and the language of the integration clause make the venue selection clause applicable to the entire complaint. Therefore, remand of this entire lawsuit to the Circuit Court of Marathon County, Wisconsin proper.

D.  Costs and Attorneys Fees under 28 U.S.C. 1447(c)

Plaintiff requests that defendant bear the costs of litigating the removal and remand as authorized by 28 U.S.C. § 1447(c), "An order remanding a case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Generally, an award for costs in removal cases is justified when "the removing party lacked an objectively reasonable basis for seeking removal." *Wisconsin v. Amgen, Inc.*, 516 F.3d 530, 534 (7th Cir. 2008) (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005)).

Defendant had a reasonable basis to attempt removal. Plaintiff's complaint fails to draw tight connections between its three causes of action and the overarching applicability of the Promissory Note. The complaint's variation in the amount claimed due under claim three and under claims one and two, as well as the complaint's separation of the demands for relief based on those causes of action, unintentionally obscured what was actually a tight relationship between the claims. Provided this opportunity by plaintiff's pleading decisions, defendant was not obliged to draw only those inferences that would militate against removal. It was not unreasonable for defendant to take a shot at removal even if it failed.

ORDER

IT IS ORDERED that:

1. Plaintiff Wausau Steel's motion to remand is GRANTED and this case is REMANDED to the Circuit Court for Marathon County, Wisconsin. The clerk of court is directed to transmit the record promptly to the Circuit Court for Marathon County, Wisconsin;

2. Plaintiff's request for costs and attorney fees is DENIED.

Entered this 22nd day of July, 2009.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge